# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02462-REB

**UNITED STATES OF AMERICA**,

                        Plaintiff,

v.

**PRETTY EYES, LLC,** a Colorado Limited
Liability Corporation, and

**CHRISTIANNE MCNULTY**, individually,
and in her official capacity as the owner of
Pretty Eyes, LLC,

Defendants.

---

## CONSENT DECREE AND ORDER FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER RELIEF

WHEREAS, plaintiff, the United States of America, has commenced this action by filing the Complaint herein; defendants have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law;

THEREFORE, on the joint motion of plaintiff and defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

# FINDINGS

1. This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

2. Venue is proper as to all parties in the District of Colorado under 28 U.S.C. §§ 1391(b)-(d) and 15 U.S.C. § 53(b).

3. The activities of the defendants are in or affecting commerce as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against the defendants under Sections 9(a) and 9(b) of the Fairness to Contact Lens Consumers Act ("FCLCA"), 15 U.S.C. §§ 7608(a) and (b), and Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b(a)(1).

5. Defendants have entered into this Consent Decree and Order for Civil Penalty, Permanent Injunction, and Other Relief ("Order") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

6. Plaintiff and defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

7. Plaintiff and defendants stipulate and agree that the entry of this Order shall constitute a full, complete, and final settlement of this action.

8. Defendants have agreed that this Order does not entitle defendants to seek or to

obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and defendants further waive any rights to attorneys' fees that may arise under said provision of law.

9. Entry of this Order is in the public interest.

## DEFINITIONS

10. "Defendants" shall mean Pretty Eyes, LLC, its divisions, subsidiaries, affiliates, and its successors or assigns; Christianne McNulty, individually, and as owner and sole member of Pretty Eyes; and any combination of the foregoing.

11. "Rule" shall mean the Federal Trade Commission's Contact Lens Rule, 16 C.F.R. Part 315.

12. The term "contact lens" shall mean any contact lens for which State or Federal law requires a prescription.

13. The term "contact lens prescription" shall mean a prescription, issued in accordance with State and Federal law, that contains sufficient information for the complete and accurate filling of a prescription for contact lenses, including the following:

   a. The name of the patient;

   b. The date of the examination;

   c. The issue date and expiration date of prescription;

   d. The name, postal address, telephone number, and facsimile telephone number of prescriber;

   e. The power, material or manufacturer or both of the prescribed contact lens;

f. The base curve or appropriate designation of the prescribed contact lens; and

g. In the case of a private label contact lens, the name of the manufacturer, trade name of the private label brand, and, if applicable, trade name of the equivalent brand name.

14. "Contact lens fitting" shall mean the process that begins after an initial eye examination for contact lenses and ends when a successful fit has been achieved or, in the case of a renewal prescription, ends when the prescriber determines that no change in the existing prescription is required, and such term may include:

a. An examination to determine the lens specifications;

b. Except in the case of a renewal of a contact lens prescription, an initial evaluation of the fit of the contact lens on the eye; and

c. Medically necessary follow-up examinations.

15. "Private label contact lenses" shall mean contact lenses that are sold under the label of a seller where the contact lenses are identical to lenses made by the same manufacturer but sold under the labels of other sellers.

16. "Direct communication" shall mean completed communication by telephone, facsimile, or electronic mail.

17. "Prescriber" shall mean, with respect to contact lens prescriptions, an ophthalmologist, optometrist, or other person permitted under State law to issue prescriptions for contact lenses in compliance with any applicable requirements established by the United States

Food and Drug Administration. "Other person," for purposes of this definition, includes a dispensing optician who is permitted under State law to issue prescriptions and who is authorized or permitted under State law to perform contact lens fitting services.

**INJUNCTION**

18. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from selling contact lenses to a consumer without a contact lens prescription for that consumer that is either:

    a. Presented to the defendants by the consumer or prescriber directly or by facsimile; or

    b. Verified by direct communication with the prescriber.

19. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from failing to maintain the following:

    a. For prescriptions presented to the defendants as described in Paragraph 18(a), the prescription itself, or the facsimile version thereof (including an email containing a digital image of the prescription); and

    b. For verification requests made by the defendants as described in Paragraph

18(b):

      i. If the communication occurs via facsimile or email, a copy of the verification request, including the information provided to the prescriber regarding the consumer, and confirmation of the completed transmission thereof, including a record of the date and time the request was made.

      ii. If the communication occurs via telephone, a log (a) describing the information provided to the prescriber; (b) setting forth the date and time the request was made; (c) indicating how the call was completed; and (d) listing the names of the individuals who participated in the calls.

  c. For communications from the prescriber, including prescription verifications:

      i. If the communication occurs via facsimile or email, a copy of the communication and a record of the time and date it was received;

      ii. If the communication occurs via telephone, a log describing the information communicated, the date and time that the information was received, and the names of the individuals who participated in the call.

20. Defendants, their successors and assigns, and their officers, agents, representatives, and employees, and all persons in active concert or participation with any one of them, who

receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from violating any provision of the Contact Lens Rule, 16 C.F.R. Part 315, and as the Rule may hereafter be amended. A copy of the Rule is attached hereto as Appendix A and incorporated herein as if fully set verbatim.

## CIVIL PENALTY

21. Defendants Pretty Eyes and McNulty shall pay to plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of twenty-five thousand dollars ($25,000). Based on defendants' sworn financial statements dated June 17, 2007, payment of the foregoing civil penalty is waived except for two thousand five hundred dollars ($2,500), contingent upon the accuracy and completeness of the financial disclosure statements. Defendants are jointly and severally responsible for payment of the civil penalty.

22. Defendants shall, within five (5) days of the date of entry of this Order, transfer the sum of two thousand five hundred dollars ($2,500) in the form of a wire transfer or certified cashier's check made payable to the Treasurer of the United States. The check and/or written confirmation of the wire transfer shall be delivered in accordance with procedures specified by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

23. Each defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Federal Trade Commission ("FTC" or "Commission") the defendant's taxpayer identifying number (social security number or employer identification number), which shall be

used for purposes of collecting and reporting on any delinquent amount arising out of its relationship with the government.

24. In the event of default on the payment required to be made under this Paragraph, the entire unpaid civil penalty, together with interest computed under 28 U.S.C. § 1961 (accrued from the date of default until the date of payment) shall be immediately due and payable. Defendants agree that, in such event, the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by plaintiff or the Commission to enforce their rights pursuant to this Order, including, but not limited to, a nondischargeability complaint in any subsequent bankruptcy proceeding.

25. Defendants shall cooperate fully with plaintiff and the Commission and their agents in all attempts to collect the amount due pursuant to this Paragraph if any defendant fails to pay fully the amount due at the time specified herein. In such an event, defendants agree to provide plaintiff and the Commission with their federal and state tax returns for the preceding two (2) years, and to complete new standard-form financial disclosure forms fully and accurately within ten (10) business days of receiving a request from plaintiff or the Commission to do so. Defendants further authorize plaintiff and the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including, but not limited to, financial institutions.

**RIGHT TO REOPEN**

26. By agreeing to this Order, the defendants reaffirm and attest to the truthfulness,

accuracy, and completeness of the financial information that defendants have previously submitted to the Commission. The plaintiff and the Commission's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of defendants' financial statements and supporting documents submitted to the Commission, namely:

    a.    For Pretty Eyes, LLC, the Federal Trade Commission Financial Statement of Corporate Defendant dated June 17, 2007; and

    b.    For defendant Christianne McNulty, the Federal Trade Commission Financial Statement of Individual Defendant dated June 17, 2007, with accompanying United States and Colorado income tax returns;

27.    If, upon motion by the plaintiff, this Court finds that any defendant failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from any Financial Statement or other supporting documents listed in this Part, the Court shall reinstate the full civil penalty against the defendants and for the plaintiff in the amount of $25,000, less any amount already paid by or on behalf of the defendant to the plaintiff; *provided, however*, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and *provided further*, that proceedings instituted under this Part would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the plaintiff or the Commission may initiate to enforce this Order. Solely for purposes of this Part, the defendants waive any right to contest any of the allegations in the Complaint.

**DISTRIBUTION OF ORDER BY DEFENDANTS**

28. For a period of five (5) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

    a. Defendant Pretty Eyes shall deliver a copy of this Order and the FTC's compliance guides entitled, *The Contact Lens Rule: A Guide for Prescribers and Sellers* and *Complying with the Contact Lens Rule* (collectively, the "Compliance Guides"), attached hereto as Attachments B and C, to all of its principals, officers, directors, and managers. Defendant Pretty Eyes also shall deliver copies of this Order and Compliance Guides to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Pretty Eyes. For new personnel, delivery shall occur prior to their assuming their responsibilities.

    b. For any business that defendant McNulty controls, directly or indirectly, or in which she has a majority ownership interest, and that engages in conduct related to the subject matter of this Order, defendant McNulty shall deliver a copy of this Order and the Compliance Guides to all principals, officers, directors, and managers of that business. Defendant McNulty also shall deliver copies of this Order and the Compliance Guides to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be

    within five (5) days of service of this Order upon defendant McNulty. For new personnel, delivery shall occur prior to their assuming their responsibilities.

  c. For any business where defendant McNulty is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, defendant McNulty shall deliver a copy of this Order and the Compliance Guides to all principals and managers of such business before engaging in such conduct.

  d. Defendant Pretty Eyes and defendant McNulty shall secure a signed and dated statement acknowledging receipt of the Order and the Compliance Guides, within thirty (30) days of delivery, from all persons receiving a copy of the Order and the Compliance Guides pursuant to this Paragraph, and shall maintain these statements in accordance with Paragraph 37.

## COMPLIANCE MONITORING

29. Within ten (10) days of receipt of written notice from a representative of the FTC, or within such time as may be granted, in his or her discretion, by a Commission representative, each defendant shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession, or direct or indirect control, to inspect the business operation.

30. In addition, the Commission is authorized to monitor compliance with this Order

by all other lawful means, including, but not limited to, the following:

    a.    obtaining discovery from any person, without further leave of court, using the procedures prescribed by Rules 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure; and

    b.    posing as consumers and suppliers to defendants, defendants' employees, or any other entity managed or controlled in whole or in part by defendant Pretty Eyes and defendant McNulty, without the necessity of identification or prior notice.

31. Defendant Pretty Eyes and defendant McNulty shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

32. Nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce within the meaning of 15 U.S.C. § 45(a)(1).

**COMPLIANCE REPORTING**

33. For a period of five (5) years from the date of entry of this Order,

    a.    Defendant McNulty shall notify the Commission of the following:

        i.    Any changes in her residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

ii. Any changes in her employment status (including self-employment), and any change in her ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each such business that defendant McNulty is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of her duties and responsibilities in connection with the business or employment; and

iii. Any changes in defendant McNulty's name or use of any aliases or fictitious names.

b. Defendants shall notify the Commission of any changes in the corporate structure of defendant Pretty Eyes, or of any business entity that defendant McNulty directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change; *provided that*, with respect to any proposed change in the corporation about which the defendant learns less than thirty (30) days

prior to the date such action is to take place, the defendant shall notify the Commission as soon as it is practicable after obtaining such knowledge.

34. Within sixty (60) days after the date of entry of this Order, defendants Pretty Eyes and McNulty each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    a.    For defendant McNulty:

        i.    Her then-current residence address, mailing addresses, and telephone numbers;

        ii.    Her then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and her title and responsibilities for each such employer or business; and

        iii.    Any other changes required to be reported under Paragraph 33.

    b.    For all defendants:

        i.    A copy of each acknowledgment of receipt of this Order and the Compliance Guides obtained pursuant to Paragraph 28;

        ii.    Any other changes required to be reported under Paragraph 33;

        iii.    A statement describing in detail the process for obtaining copies of contact lens prescriptions for orders obtained through all sales channels, including, but not limited to, telephone sales and Internet

sales;

iv. A statement describing the process for verifying contact lens prescriptions for orders obtained through all sales channels, including, but not limited to, telephone sales and Internet sales;

v. A sample copy of each different type of communication used to request prescription information from consumers, including, but not limited to, any online form, email message, telephone script, web page, or screen;

vi. A sample copy of each different type of communication used to submit verification requests to prescribers, including, but not limited to, any fax form, email message, or telephone script;

vii. A statement describing defendants' procedure for maintaining the records required by the Rule, including, but not limited to, contact lens prescriptions directly presented to defendants, prescription verification requests submitted to prescribers, and direct communications received from prescribers; and

viii. A list of persons or employees who are responsible for collecting and maintaining compliance-related information.

35. For the purposes of this Order, defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director, Division of Enforcement

Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580
ATTN: *United States v. Pretty Eyes, LLC*

36. For purposes of compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with defendants Pretty Eyes and McNulty, unless or until a defendant notifies the Commission that the defendant is represented by counsel and would prefer that the Commission communicate directly with the defendant's counsel.

**RECORDKEEPING**

37. For a period of six (6) years from the date of entry of this Order, defendants shall maintain, and make available to the Commission pursuant to Paragraph 29, business records demonstrating full compliance with the terms and provisions of this Order, including, but not limited to: a sample copy of every different type of communication used to request prescription information from consumers or to submit verification requests to prescribers; copies of all acknowledgments of receipt of this Order, required by Paragraph 28; and all reports submitted to the Commission pursuant to Paragraphs 33 and 34. Electronic copies shall include all text and graphic files, audio scripts, and other computer files used to present information to consumers and/or prescribers.

**ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

38. Each defendant, within five (5) business days of receipt of this Order as entered by the Court, shall submit to the Commission a truthful, sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

39. This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

JUDGMENT IS THEREFORE ENTERED pursuant to all the terms and conditions recited above.

Dated November 28, 2007, at Denver, Colorado

BY THE COURT:

s/ Robert E. Blackburn
ROBERT E. BLACKBURN
UNITED STATES DISTRICT JUDGE

FOR THE UNITED STATES OF AMERICA:

PETER D. KEISLER
Assistant Attorney General
Civil Division
United States Department of Justice


By: s/ Kenneth Jost
    KENNETH L. JOST
    Deputy Director
    Office of Consumer Litigation
    Civil Division
    United States Department of Justice
    Washington, D.C. 20530
    (202) 616-0219 (telephone)
    (202) 514-8742 (facsimile)

TROY A. EID
United States Attorney
District of Colorado


By:   s/ Amanda Rocque
    AMANDA ROCQUE
    Assistant United States Attorney
    1225 Seventeenth Street
    Suite 700
    Denver, CO 80202
    (303) 454-0100 (telephone)
    (303) 454-0409 (facsimile)

FOR THE FEDERAL TRADE COMMISSION:


s/ Karen Jagielski
KAREN JAGIELSKI
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-2509 (telephone)
(202) 325-3259 (facsimile)


FOR THE DEFENDANTS:


s/ Christianne McNulty
CHRISTIANNE MCNULTY, individually and on behalf of PRETTY EYES, LLC



s/ Philip A. Feigin
PHILIP A. FEIGIN
Rothgerber Johnson & Lyons, LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
(303) 623-9000 (telephone)
(303) 623-9222 (facsimile)